UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

B.M. SHIPPING GROUP SPA,

                Plaintiff,

- against -

ALPINE INTERNATIONAL,

                Defendant.

------------------------------------------------------------------X

ECF CASE



07 CIV 9315

## VERIFIED COMPLAINT

Plaintiff, B.M. SHIPPING GROUP SPA, (hereinafter referred to as "B.M. Shipping" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, ALPINE INTERNATIONAL, (hereinafter "Alpine" or "Defendant") alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.     At all times material to this action, Plaintiff, B.M. Shipping, was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Italy and was the disponent owner of the vessels M/V YONGXIANG 9 and M/V DONG HUA MEN.

3.     Defendant was, and still is, a foreign corporation, or other business entity organized and existing under the laws of India and was the charterer of the vessels M/V YONGXIANG 9 and M.V DONG HUA MEN.

4.     By a charter party dated April 27, 2007, Plaintiff chartered the M/V YONGXIANG 9 to Defendant on the Gencon charter party form with amendments for a voyage to and from safe ports for the carriage of iron ore fines in bulk.

5. By a charter party dated April 25, 2007, Plaintiff chartered the M/V DONG HUA MEN to Defendant on the Gencon charter party form with amendments for a voyage to and from safe ports for the carriage of iron ore fines in bulk.

6. Under both charter parties Defendant was required to pay demurrage to Plaintiff for any delays incurred by the vessels in either loading and/or discharging the bulk iron ore fines cargos. Plaintiff's two vessels were, in fact, delayed at their respective load ports and/or discharge ports and, accordingly, Defendant is liable to pay demurrage to Plaintiff.

7. During the course of the two charter parties, disputes arose between the parties regarding Defendant's failure to pay to Plaintiff the demurrage due and owing under the two charter parties. Specifically, Defendant has breached the charter party because it has failed to pay to Plaintiff sums for demurrage in the amount of (1) $7,482.94 in respect of discharge port demurrage for the M/V YONGXIANG 9; (2) $46,354.17 in respect of load port demurrage for the M/V DONG HUA MEN; and (3) $17,361.11 in respect of discharge port demurrage for the M/V DONG HUA MEN. As above, the total amount of demurrage owed by Defendant to Plaintiff totals $71,198.22.

8. The charter parties provide that disputes may be referred to arbitration in London, England with English Law to apply.

9. Despite due demand, Defendant failed and/or refused to pay the principal amount of $71,198.22 that is due and owing to Plaintiff.

10. Thus, pursuant to the charter parties, Plaintiff is preparing to commence arbitration proceedings in London against Defendant on its claims.

11. Under English law, interest, costs and attorneys' fees are recoverable by the prevailing party.

12. As best as can now be estimated, Plaintiff expects to recover the following amounts in London arbitration:

| | | |
|---|---|---:|
| A. | Principal claim: | $71,198.22 |
| B. | Interest on principal claim at 8% interest, compounded quarterly, for three years: | $19,098.34 |
| C. | Estimated recoverable attorneys' fees and arbitration costs including arbitrators' fees: | $18,000.00 |
| **Total** | | **$108,296.56** |

13. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

14. Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

3

C. That pursuant to 9 U.S.C. §§ 201. *et seq.* this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount **$108,296.56** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

E. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

G. That this Court award Plaintiff its attorney's fees and costs of this action; and

H. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: October 17, 2007
New York, NY

        The Plaintiff,
        B.M. SHIPPING GROUP SPA,


By: _____
        Charles E. Murphy (CM 2125)
        Patrick F. Lennon (PL 2162)
        LENNON, MURPHY & LENNON, LLC
        420 Lexington Ave., Suite 300
        New York, NY 10170
        (212) 490-6050 – phone
        (212) 490-6070 – fax
        cem@lenmur.com
                pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   New York
County of New York  )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   October 17, 2007
         New York, NY

*/s/ Charles E. Murphy*
Charles E. Murphy